UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In the matter of JAMES C. BRADFORD, an individual, as owner of LOW SPEED CHASE CF #1096633, for exoneration from or limitation of liability | Case No: C 12-5999 SBA<br><br>**ORDER**<br><br>Docket 31 |

This matter comes before the Court on Plaintiff-in-Limitation James C. Bradford's ("Plaintiff-in-Limitation") Request for Entry of Default Against All Non-Appearing Claimants. Dkt. 31. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS Plaintiff-in-Limitation's request, for the reasons stated below. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

I. **BACKGROUND**

On April 14, 2012, the vessel LOW SPEED CHASE capsized and grounded on the Farallone Islands while participating in the Full Crew Farallones Race. Compl. ¶ 5, Dkt. 1. Five people died and three may have been injured in the incident. Dkt. 12 at 2. On November 26, 2012, Plaintiff-in-Limitation filed a Complaint for Exoneration From and/or Limitation of Liability pursuant to 46 U.S.C. § 30501, et seq., and Rule F of the Supplemental Rules of Civil Procedure for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules"). See Compl.

On February 14, 2013, the Court issued an "Order Directing Issuance of Notice and Publication Thereof, and Restraining Order," which, among other things, directed the Clerk of the Court to issue notice "to all persons or entities asserting claims with respect to which

the complaint seeks exoneration or limitation, admonishing them to file their respective claims with the Clerk of the Court and serve attorneys for Plaintiff-in-Limitation with a copy thereof within 60 days of the issuance of the notice." Dkt. 12.  On February 15, 2013, the Clerk of the Court issued "Notice to Claimants of Filing of Limitation Proceeding" ("Notice"), which set March 29, 2013 as the deadline for the filing of claims and answers in the limitation proceeding.[1]  Dkt. 13.  Under Rule F(4) of the Supplemental Rules, the notice must be published in a newspaper once a week for four successive weeks prior to the date fixed for filing claims.  See Supp. Admir. R. F(4).  Further, no later than the day of the second publication, the plaintiff must mail a copy of the notice "to every person known to have made any claim against the vessel or the plaintiff arising out of the voyage or trip on which the claims sought to be limited arose."  Id.  In cases involving death, Rule F(4) requires that a copy of the notice "be mailed to the decedent at the decedent's last known address, and also to any person who shall be known to have made any claim on account of such death."  Id.

On March 1, 2013, Plaintiff-in-Limitation mailed the Court-approved Notice and all documents that were filed with the Court in relation to this action to the decedents and to all known claimants at their last known address and/or to their attorneys.  See Lovell Decl. ¶ 2, Exhs. A-G.  The decedents and known claimants are Alan Cahill, Alexis Busch, Jordan Fromm, Elmer Morrissey, Marc Kasanin, Bryan Chong, and Nick Vos.  Id. ¶ 2; see Dkt. 14.[2]  On February 25, 2013, March 4, 2013, March 11, 2013, and March 18, 2013, Plaintiff-in-Limitation caused the Notice to be published in *The Recorder* in San Francisco, California.  Lovell Decl. ¶ 3, Exh. H.

---

[1] Although the Court set a 60-day deadline for the filing of claims in the limitation proceeding, the Clerk of the Court set March 29, 2013 as the deadline, which is 42 days after issuance of the Notice.  The Court notes that it has not received any additional claims after March 29, 2013.  Therefore, the Court finds that this discrepancy is inconsequential.  Rule F of the Supplemental Rules provides that the deadline for filing claims should not be less than 30 days after issuance of the notice.  Supp. Admir. R. F(4).

[2] Alan Cahill, Alexis Busch, Jordan Fromm, Elmer Morrissey, and Marc Kasanin are the decedents.  See Dkt. 14.

By March 29, 2013, Corey Busch, Nicholas Vos, Valdimir Bazjanac, and Andrew Fromm had all appeared by filing answers and claims. See Dkt. 17-24. No other claimant has filed a claim or answer. Plaintiff-in-Limitation now requests that the Court enter a default pursuant to Federal Rule of Civil Procedure 55(a) against all non-appearing claimants. Dkt. 31.

## II.    LEGAL STANDARD

Entry of default is the essential first step in the two step process of obtaining a default judgment for failure to appear. Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986). Under Rule 55(a), default shall be entered "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that fact is shown by affidavit or otherwise." Fed.R.Civ.P. 55(a). If a claimant fails to respond as required, it is not entitled to any further notice before default is entered. Hawaii Carpenters' Trust Funds v. Stone, 794 F.2d 508, 512 (9th Cir. 1986). Normally, the clerk of the court will enter default without any action being taken by a court. See Fed.R.Civ.P. 55(a) ("[T]he *clerk* must enter the party's default.") (emphasis added). However, a default may also be entered by a court. See In re Burchell Enterprises, Inc., 2005 WL 1154302, at *1 (N.D. Cal. 2005) (Armstrong, J.) (citing Breuer Elec. Mfg. v. Toronado Sys. of America, 687 F.2d 182, 185 (7th Cir. 1982)).

## III.    DISCUSSION

In the instant case, Plaintiff-in-Limitation has satisfied the procedural requirements for entry of default against all non-appearing claimants pursuant to Rule 55(a). Specifically, Plaintiff-in-Limitation's counsel has submitted a declaration and corresponding proof of compliance with the requirements of Rule F(4) of the Supplemental Rules. See Lovell Decl. ¶¶ 2-3, Exhs. A-H; see also Dkt. 16. On February 15, 2013, the Clerk of the Court issued the Court-approved Notice, instructing all claimants to file their claims with the Clerk of the Court and to serve a copy thereof and answer to the Complaint on Plaintiff-in-Limitation's counsel on or before March 29, 2013. Dkt. 13. Thereafter, Plaintiff-in-Limitation mailed a copy of the Notice to the decedents and to all known

claimants and/or to their attorneys, and caused the Notice to be published in *The Recorder* once a week for four successive weeks prior to March 29, 2013. Lovell Decl. ¶¶ 2-3, Exhs. A-H.

The time allowed to respond to the Notice has expired. The only claims and answers filed with the Court are those of Corey Busch, Nicholas Vos, Andrew Fromm, and Vladimir Bazjanac. All other potential claimants have failed to file an answer or claim as permitted by law. Accordingly, Plaintiff-in-Limitation's Request for Entry of Default Against All Non-Appearing Claimants is GRANTED.

## IV. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1. Plaintiff-in-Limitation's Request for Entry of Default Against All Non-Appearing Claimants is GRANTED.

2. The Court DIRECTS the Clerk of the Court to enter default against "all non-appearing claimants." The Clerk's entry of default shall also specifically state that "default shall not be entered against Corey Busch, Nicholas Vos, Andrew Fromm, and Valdimir Bazjanac," as all have appeared in this action.

3. This Order terminates Docket 31.

IT IS SO ORDERED.

Dated: 5/31/13

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge